IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,371-01






EX PARTE JOSEPH KENTON MCGOWEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 647853-A IN THE 232ND DISTRICT COURT

HARRIS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of murder and sentenced to confinement for twenty years. Applicant's conviction
was affirmed on appeal. McGowen v. State, No. 01-02-00416-CR (Tex. App.--Houston [1st
Dist.], delivered June 5, 2003, pet. ref'd). 

 Applicant contends that trial counsel was ineffective. Specifically, he contends, among
other things, that counsel failed to impeach Jeannie Jacques with her prior inconsistent
statement, failed to cross-examine Summer Edwards to establish motive and bias, and failed
to object to the State's alleged misstatement of the law during its closing argument. 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues as
set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order additional affidavits,
depositions, or interrogatories from trial counsel, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel was ineffective for not impeaching Jeannie Jacques, not cross-examining Summer Edwards, and not objecting to the State's alleged misstatement of the
law. The trial court shall also make any further findings of fact and conclusions of law it
deems relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 17TH DAY OF MAY, 2006. 





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.